Martin v City of New York (2019 NY Slip Op 08000)





Martin v City of New York


2019 NY Slip Op 08000


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10275 304548/11

[*1] Terri Martin, etc., Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Parker Waichman, LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Kevin Osowski of counsel), for The City of New York, respondent.
Office of Nadine Rivellese, New York (Stephen T. Brewi of counsel), for Consolidated Edison Company of New York, respondent.



Order, Supreme Court, Bronx County (Rubén Franco, J.), entered on or about June 15, 2017, which granted defendants' separate motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant Consolidated Edison Company of New York, Inc.'s motion denied, and defendant the City of New York's motion denied without prejudice to renewal on the condition that, within 60 days of the date of this order, it produces a witness for further deposition regarding the records and other discovery exchanged in support of its motion.
Plaintiff's decedent was fatally injured after tripping and falling on a roadway defect in the Bronx. The parties entered into an order pursuant to a preliminary conference in April 2012, which required the City to disclose, within sixty days of the date thereof, pertinent records for two years prior to and including the date of the decedent's accident. The City was again ordered to disclose these records at two subsequent compliance conferences in 2013 and 2014.
After the filing of the note of issue, and in support of its motion for summary judgment, the City exchanged, for the first time, nearly 200 pages of records concerning the location of the decedent's accident. The City also exchanged an affidavit from a City Department of Transportation official who averred that certain records of the time frame the City had been ordered to search were destroyed as a result of Hurricane Sandy in October 2012. In opposition to the City's motion, plaintiff argued, among other things, that she should be permitted to conduct further discovery regarding the newly exchanged records.
Con Edison also moved for summary judgment, arguing that its evidence demonstrated that it did not perform any work at the location of plaintiff's decedent's accident. We find that Supreme Court improperly granted both defendants' motions.
The City failed to comply with its discovery obligations to plaintiff in this case. At the latest, it was on notice that at least some of the destroyed records were relevant to, and discoverable in, this litigation in April 2012, when it was ordered to disclose such records following a preliminary conference. That was six months before the records were destroyed, and four years before the City even conducted its actual search for those records. The City then compounded this failure by disclosing the destruction of those records and exchanging nearly 200 pages of previously unexchanged records for the first time in support of its own motion, months after the filing of the note of issue.
Accordingly, the court should have denied the City's motion as premature and granted plaintiff's request for further discovery regarding the belated disclosure (see generally CPLR 3212[f]; Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]). The City may renew its motion for summary judgment only if it produces, [*2]within 60 days of the date of this order, a knowledgeable witness who the parties may depose regarding those records and things which were exchanged by the City for the first time in support of its motion.
Con Edison's motion also should have been denied. With regard to a violation that Con Ed had received for a defect in the area where plaintiff's decedent's accident occurred, Con Ed argues that it completed an investigative report denying that it had created the defect, or was otherwise responsible therefor. This denial of responsibility fails to establish that it, in fact, was not responsible for the defect. Accordingly, Con Edison failed to establish its prima facie entitlement to judgment as a matter of law (compare with Amini v Arena Constr. Co., Inc., 110 AD3d 414, 414-415 [1st Dept 2013]).
We have considered defendants' remaining contentions and find them either unavailing or academic in light of our determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK